IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARBON ARMS, LLC, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| VANCE OUTDOORS INC., | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| Defendant. | ) | |

Plaintiff Karbon Arms, LLC ("Karbon Arms"), for its complaint against Defendant Vance Outdoors Inc. ("Vance Outdoors"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for false advertising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for tortious interference with business relationships, for libel, and for such other relief as the Court deems just and proper.

## THE PARTIES

2. Karbon Arms is a Delaware limited liability company with its principal place of business located at 5505 Johns Road, Suite 702, Tampa, Florida 33634.

3. Vance Outdoors is an Ohio corporation with its principal place of business located at 3273 Cleveland Avenue, Columbus, Ohio 43224.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2).

6. This Court has personal jurisdiction over Vance Outdoors, as Vance Outdoors is an Ohio corporation.

**FACTUAL BACKGROUND AND CONTROVERSY**

7.      Karbon Arms is a provider of electronic immobilization devices to the law enforcement community. Among Karbon Arms' product offerings is the MPID, which is a form of electronic immobilization device commonly known as a "stun gun."

8.      Taser International, Inc. ("Taser") is also a provider of electronic immobilization devices and markets its products to the law enforcement community through its authorized distributors.

9.      Vance Outdoors is an authorized distributor of Taser devices.

10.     On information and belief, Doug Vance is Vice President of Vance Outdoors and is in charge of Vance Outdoors' Law Enforcement Division.

11.     On or about September 9, 2011, Mr. Vance, in his capacity as Vice President of Vance Outdoors, an authorized distributor of Taser products, sent an electronic mail to Deputy Todd Cox of the Cuyahoga County Sheriff's Office, in which Mr. Vance stated the following:

> More importantly, I wanted to make you aware that Taser formally filed their patent infringement lawsuit against Karbon Arms as they have found that, just like the Stinger, it too infringes on the same patents.  They are quite confident that they will win this suit again.  I also wanted to make you aware that Taser found the power levels that the Karbon Arms unit is set to is not within the safety range for use on humans (by Tasers testing standards).  They found it to be very close to the levels that Taser has their Wildlife unit set at which expressly state that it is NOT to be used on human subjects.
>
> Taser has a trade-up program on their new X2 units that goes through the end of the year where you can get $300 trade credit for your Karbon Arms towards the purchase of an X2.  I'd be happy to show you the new X2 and the X26 units in depth at your facility if you are interested in looking at the technology.

12.     Upon information and belief, Mr. Vance's reference to "Stinger" is directed to the "Stinger S-200" device previously sold by Stinger Systems, Inc. ("Stinger Systems").

13. On May 16, 2011, Taser filed a complaint for patent infringement against Karbon Arms in Civil Action No. 11-426 (BMS) in the United States District Court for the District of Delaware ("the Delaware litigation"), alleging that Karbon Arms is infringing U.S. Patent No. 7,800,885 ("the '885 patent") and U.S. Patent No. 7,602,597 ("the '597 patent") through Karbon Arms' sales of its "MPID" and "MPID-C" electronic immobilization devices.

14. On June 24, 2011, Taser filed an amended complaint in the Delaware litigation, alleging that Karbon Arms is infringing the '885 patent and U.S. Patent No. 7,782,592 ("the '592 patent) through Karbon Arms' sales of its "MPID" and "MPID-C" devices.

15. The Delaware litigation is currently in the pleadings stage, and no discovery has taken place in that litigation.

16. Taser had previously sued Stinger Systems for patent infringement in Civil Action No. 2:07-cv-00042 in the United States District Court for the District of Arizona ("the Arizona litigation"), in which it accused Stinger Systems of infringing four patents through the sales of the Stinger S-200. In that litigation, the court entered judgment against Stinger Systems, finding that the Stinger S-200 product infringed claims 2 and 40 of U.S. Patent No. 6,999,295 patent and enjoined Stinger Systems from selling its S-200 product.

17. Stinger Systems ceased operations at the conclusion of the Arizona litigation.

18. None of the patents that Taser is asserting against Karbon Arms in the Delaware litigation were asserted against Stinger Systems in the Arizona litigation.

19. Vance Outdoors' statement that "Taser formally filed their patent infringement lawsuit against Karbon Arms as they have found that, just like the Stinger, it too infringes on the same patents" is false and defamatory. Vance Outdoors' misrepresentation that the same patents that were successfully asserted against Stinger Systems are also being asserted against Karbon

3

Arms falsely suggests that the Taser patents asserted against Karbon Arms in the Delaware litigation have already been vetted through a judicial proceeding, and that therefore Karbon Arms will be found liable for patent infringement, as Stinger Systems was, and that Karbon Arms will have to cease operations, as Stinger did.

20.     Moreover, Vance Outdoors' statements concerning the "Karbon Arms unit" are also false and defamatory, as they claim, wholly without any basis in fact, that the Karbon Arms products are unsafe and unfit for operation on humans.

21.     Vance Outdoors knew of the falsity of its statements yet made them with actual malicious intent to injure Karbon Arms' reputation.

22.     Vance Outdoors also knew of the existence of a business relationship between Karbon Arms and the Cuyahoga County Sheriff's Office.

23.     Vance Outdoors' false statements and misrepresentations were made in an attempt to interfere with this business relationship, and to persuade a current Karbon Arms' customer to relinquish its Karbon Arms' products and withdraw or forego bids for future Karbon Arms' products in favor of Taser products.

### FIRST CLAIM FOR RELIEF
**(Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

24.     Karbon Arms repeats and realleges the allegations in paragraphs 1-23 as if fully set forth herein.

25.     For the reasons detailed above, Vance Outdoors' false and misleading statements deceived or had the capacity to deceive the public.

26.     These false and misleading statements were used in commerce, and in connection with goods or services.

4

27. The statements were part of Vance Outdoors' commercial advertising or promotion, and misrepresented the nature, characteristics, and qualities of Karbon Arms' goods, services, or commercial activities.

28. Vance Outdoors' actions were in violation of 15 U.S.C. § 1125(a).

29. Karbon Arms suffered compensatory damages as a result of Vance Outdoors' conduct.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)

30. Karbon Arms repeats and realleges the allegations in paragraphs 1-29 as if fully set forth herein.

31. Vance Outdoors interfered with Karbon Arms' business relationships when it made false statements and misrepresentations to Karbon Arms' customers, including the Cuyahoga County Sheriff's Office, regarding the nature of Karbon Arms' products.

32. Vance Outdoors had knowledge of Karbon Arms' preexisting business relationships with the Cuyahoga County Sheriff's Office and other customers.

33. Vance Outdoors made these statements with knowledge of their falsity.

34. Vance Outdoors made these false statements and misrepresentations with actual malicious intent to interfere with Karbon Arms' relationships with its customers in order to induce those customers to buy Taser products instead of Karbon Arms' products.

35. Vance Outdoors' interference with Karbon Arms' business relationships is without justification or legal excuse.

36. Karbon Arms suffered compensatory damages as a result of Vance Outdoors' conduct.

## THIRD CLAIM FOR RELIEF
### (Libel)

37.    Karbon Arms repeats and realleges the allegations in paragraphs 1-36 as if fully set forth herein.

38.    Vance Outdoors published false written statements and made misrepresentations to current and potential Karbon Arms' customers regarding the nature of Karbon Arms' products.

39.    Vance Outdoors published these written statements and made these misrepresentations with knowledge of their falsity.

40.    The false published written statements and misrepresentations made by Vance Outdoors reflect injuriously on Karbon Arms' reputation and affects Karbon Arms adversely in its business.

41.    Vance Outdoors published these false written statements and misrepresentations with actual malicious intent to defame Karbon Arms and its products.

42.    Karbon Arms suffered compensatory damages as a result of Vance Outdoors' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Karbon Arms, LLC prays for the following relief against Defendant Vance Outdoors Inc. as follows:

a.    As to the First, Second, and Third Claims for Relief, compensatory damages against Defendant Vance Outdoors Inc. in an amount to be proven at trial, plus costs to be determined at trial, and post-judgment interest at the applicable statutory rate;

b.    As to the Second and Third Claims for relief, punitive damages against Defendant Vance Outdoors Inc.;

6

c.       An order declaring that Plaintiff Karbon Arms, LLC is a prevailing party and that this is an exceptional case; awarding Plaintiff Karbon Arms, LLC its costs, expenses, disbursements, and reasonable attorneys' fees under 15 U.S.C. § 1117(a);

d.       A permanent injunction enjoining Defendant Vance Outdoors Inc., as well as its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from stating or suggesting that Plaintiff Karbon Arms, LLC is infringing the same patents that were asserted against Stinger Systems, Inc. or that the products of Plaintiff Karbon Arms, LLC are unsafe for use on humans;

e.       An order directing Defendant Vance Outdoors Inc. to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction; and

f.       Other legal and equitable relief as the Court deems just, equitable, and proper.

Respectfully submitted,


*/s/ Michael C. Brink*_____
Robert J. Hanna (0037230)
Michael C. Brink (0076547)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1414
Ph: 216-592-5000
Fax: 216-592-5009
robert.hanna@tuckerellis.com
michael.brink@tuckerellis.com

Attorneys for Plaintiff Karbon Arms, LLC

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Karbon Arms, LLC demands a trial by jury on all issues so triable.

Respectfully submitted,


*/s/ Michael C. Brink*_____
Robert J. Hanna (0037230)
Michael C. Brink (0076547)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1414
Ph: 216-592-5000
Fax: 216-592-5009
robert.hanna@tuckerellis.com
michael.brink@tuckerellis.com

Attorneys for Plaintiff Karbon Arms, LLC

12834.00001.1343294.1

8